Mark Ahlemeyer, OSB # 095997
Assistant Federal Public Defender
Email: mark_ahlemeyer@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00182-001-AB |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| BRIDGET HADLEY RYAN, | |
| Defendant. | |

Bridget Hadley Ryan, will appear before this Court on November 05, 2025, for sentencing upon her plea of guilty to Count One of Possession with Intent to Distribute Fentanyl, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(C). For the reasons outlined in other sentencing materials before the Court and that will be presented at the sentencing hearing, the defense respectfully requests that the Court sentence Ms. Ryan to a 5-year term of probation, 200 hours of community service, and a $100 fee assessment.

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a

Page 1    DEFENDANT'S SENTENCING MEMORANDUM

sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;

- To afford adequate deterrence to criminal conduct;

- To protect the public from further crimes of the defendant; and

- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

Here, there are no disputes about the advisory sentencing guidelines or the general facts of the case. Although the agreed-upon Base Offense Level does not reflect the amount of drugs found on Ms. Ryan or that she would possess at any one time, it does accurately reflect that she has supported her own substance use by selling controlled substances for a significant length of time. With the support and programming Ms. Ryan received while on pretrial release, she is now a completely different person living a completely different life than she was at the time of her arrest. After considering all the relevant sentencing factors as applied to the specific facts of this case, and for the reasons stated in an accompanying memorandum and that will be presented at sentencing, the defense respectfully requests that the Court find the proposed sentence of 5-years'

Page 2    DEFENDANT'S SENTENCING MEMORANDUM

probation and 200 hours of community service to be a punishment that is sufficient but not greater than necessary.


Dated: October 30, 2025.


_/s/ Mark Ahlemeyer_
Mark Ahlemeyer, OSB # 095997